## SOLOMON WRIGHT *against* WILLIAMS.

ON demurrer to the defendant's avowries. The action was replevin for two bay mares and a colt, commenced by plaint in the Common Pleas of Washington county; and removed into this court by certiorari.

The defendant, among other matters of defence, interposed two avowries of the taking as a distress for rent.

The first was as executor of John Williams, deceased; and averred that the testator was, on the 13th of January, 1804, lawfully possessed in his demesne as of fee simple of certain premises, situated, &c.; and that one Samuel Wright enjoyed them by virtue of a certain demise to him, made by the testator, in his life time, under the yearly rent of $35, payable on the 1st day of April in each year; and because $595, being rent for 17 years, ending April 1st, 1823, was in arrear and unpaid, either to the testator, in his life time, or the defendant as his executor, he, as executor avowed the taking of the beasts on the demised premises as a distress for that sum.

The second avowry was, that the defendant, on the 1st of September, 1806, was lawfully possessed in his demesne as of fee simple, of certain demised premises, situated, &c.; and being so possessed, one Samuel Wright, for 17 years before, and ending on the 1st day of April, 1823, and thence to the time when, &c. enjoyed them as tenant to the defendant, under and by virtue of a certain demise, &c. at the yearly rent of $35, payable on the 1st day of April in each year; and because $595 for 17 years, ending on the 1st day of April, 1823, was due to the defendant, he avowed the taking of the beasts on the demised premises.

In avowing as executor for a distress for rent, the avowant must show affirmatively, that the rent fell due before his testator's death.

If it fall due after, it goes to the heir.

An avowant for a distress of cattle of a stranger, for rent, need not show that they were *levant et couchant* on the demised premises. It is enough to say they were there; and it lies with the plaintiff to plead that they were not *levant et couchant*

In avowry for a distress for rent, the defendant must set forth his title; but this rule does not mean that he must deduce it down from the remotest source. If he be seised in his demesne as of fee, it is enough for him to say so generally; or if seised or possessed of an inferior estate, he must show the seisin in fee of the one under whom he claims; and then trace the title to himself particularly, down through its different stages. So if the demise was made by another, he must show the lessor's estate and trace it particularly down to himself. This rule fully illustrated by the cases collated by Sutherland J.

ALBANY,
Feb. 1826.

Wright
v.
Williams.

Demurrer to each avowry: assigning for cause that the defendant had not set forth, particularly, what estate he had in the premises.

Joinder in demurrer.

*S. Stevens*, in support of the demurrer. 1. The landlord who avows the taking as a distress for rent, must set forth his title particularly. (*Scilly* v. *Dally*, 2 Salk. 561. 2 Wils. 261. 2 B. & P. 359. 2 Saund. 283, 284. c. note (3). id. 310, 314, note (13). Yelv. 148. 3 Lev. 193.) He must show the commencement of his estate laying the fee in the person who granted the term; and deducing the title down to himself. (2 Saund. 384. c. note (3). 2 Salk. 562. 2 Str. 796.) It is not sufficient for him to say, generally, that he was seized in his demesne as of fee. He must show by what title he was seized; and what estate he has. (2 B. & P. 359. 1 John. Rep. 384, per Kent, Ch. J.) The strict common law rule, in this respect, has not been relaxed in this state, as it has in England, by the statute 11 Geo. 2. ch. 19. s. 22; (1 John. Rep. 380;) and the rule still remains in England as to a rent charge. (4 B. & P. 60. Willes, 429.) The defect, in this respect, is one of substance; (1 John. Rep. 380; *Bain* v. *Clark*, 10 id. 424;) and it exists in both avowries.

2. The defendant could not distrain as executor for rent which fell due after the testator's death. This went to the heir. (Woodf. 391. Toller, 135. 2 Bac. Abr. 420. Executors, &c. pl. 3. Cro. Car. 207. Bradby, 77, 81. 1 R. L. 439, s. 18.) It follows that the avowry should allege positively and affirmatively, that the rent accrued and became due before his death. The first avowry is, clearly, defective on this ground.

3. The plaintiff is a stranger; not the tenant of the defendant; and it was, therefore, incumbent on the defendant to show that the beasts were *levant et couchant* upon the premises before he could distrain them. (Woodf. 388, ch. 13, s. 1, tit. Remedy for rent by distress.) Both avowries are defective in this particular.

*S. G. Huntington*, contra.   True, in *Harrison* v. *M'In-tosh*, (1 John. Rep. 380,) it was held that the avowant must set forth his title.   That case puts us on common law ground ; but it does not deny that the manner of setting forth the ,title in these avowries is sufficient.   It lays down the rule, and stops there.   We have complied with the rule.   We allege a seisin in fee generally.   In the first avowry it is in the ancestor ; in the second, the defendant avows upon his own seisin.   He need not go into all the *minutiæ* of his title, as to how it was acquired.   The course is to go back to a seisin in fee, aver that generally, and bring down the title by mesne conveyances to the avowant. (2 Saund. 282, 284, c. note (3).   id. 316, 416.   2 Chit. Pl. 200, note (c).   1 id. 347.   Com. Dig. Pleader, (C. 35.)   Co. Litt. 17. a, Woodf. 600.   6 Bac. 82, (K.)

As to the second objection ; all that is said in the first avowry about the defendant's being executor, may be rejected as surplusage; and the avowry be taken as his own right.   Woodf. 597. 6 Bac. 82, Replevin, [K.]

Levancy and couchancy need not be averred in an avowry.   It is enough to prove it on the trial.

*Curia*, per Sutherland, J.   The statute of 11 Geo. 2, ch. 19, s. 22, which authorizes defendants in replevin to avow or make conusance generally, that the plaintiff in replevin, or other tenant of the premises whereon the distress was made, enjoyed the same under a grant or demise at a certain rent, during the time wherein the rent distrained for, accrued ; and which was then and still remains due, without further setting forth the title of the lessor or owner of the premises, has never been adopted in this state.   We have, therefore, no relaxation of the common law rule, which requires the avowant to allege what estate he is seised of in order to show by what authority he distrains. That this is necessary at, common law, there is no doubt. And the only question is as to the degree of particularity with which the title must be stated.

Mr. Sergeant Williams, in a note to *Pool* v. *Longuevill* (2 Saund. 284, c. note (3.) thus states the rule : It was ne

cessary, (at common law,) in the avowry or cognizance, to show that the defendant, or some person from whom the reversion came to him, was seized, and the quantity of estate which he was seized of; and that he made a lease to the plaintiff for life, or years, or at will, and the descent or grant of the reversion to him. So, if tenant for years had let the estate to another, for a less term, at a certain rent, and distrained for the rent, it was incumbent on him, in his avowry, to show the commencement of his estate, by laying the fee in some person who granted the term, and then deducing the title to it down to himself, from the grantee of the term; which, (he remarks,) was often a difficult and impracticable thing to be done, especially in long terms for years, which are generally assigned to a great number of persons." The title thus set forth, may be traversed by the plaintiff, and the defendant be compelled to prove it. (id. 284, d. note (3.) If the landlord, who distrains, has a less estate in the premises than the fee, as if he be tenant for life or for years, he must show in his avowry who is the owner in fee, and how he became possessed of the term. He must support his particular estate by showing its commencement and connecting it with the fee. Or if the owner of the fee make a lease for life, or years, or at will, and then die, or grant the reversion, and the reversioner distrain, he must, in his avowry, allege the seisin in fee of the original lessor; and show how he became seised of the reversion; whether it was by descent or by purchase. But if the original lessor, being the owner in fee, distrain a general averment in the avowry, that he was seized or possessed in his demesne, as of fee simple, of the premises, &c. is sufficient; and it is not necessary for him to show, in the avowry, how he acquired his title. This is very clear from an examination of the cases and precedents.

Thus, in the very case of *Poole* v. *Longuevill*, (2 Saund. 282,) to which the note of Mr. Williams is attached, the avowry is general, " that before and at the time of the taking of the said cattle, &c. the said Sir Thomas Longuevill, in right of Mary, now his wife, was, and yet is seized of,

ALBANY,
Feb. 1826.

Wright
v.
Williams

and in a certain messuage, &c. whereof the said place called Parkes, in which the distress was made, was parcel, *in his demesne as of fee ;"* and then states the demise from him to one Burdax for a year ; that the rent was in arrear : and that he entered and distrained the cattle, &c. for said rent. The defence was, that the cattle, not being those of the tenant, came on the premises, &c. through the defect of the fences, which the tenant was bound to repair, &c. But no exception was taken to the avowry as being too general. The avowry, too, was not under the statute, but at common law; being in the time of Car. 2, before the statute was passed.

So in *Bennet* v. *Holbech*, (2 Saund. 309.) the defendant, Holbech, avowed and justified the taking for rent ; and alleged that the place where, &c. was parcel of the manor of old Filloughley ; and that long before the time when, &c. the mayor, bailiff and commonalty of the city of Coventry and certain other feoffees, *were seized of the manor aforesaid,* whereof the place in which, &c. was parcel, *in their demesne as of fee ;* and that they demised the same by indenture to one Thomas Bassnet, for the term of 21 years, reserving a certain rent ; who entered, and was possessed thereof; and being so possessed, afterwards, &c. sold and assigned to the defendant the said indenture, and all his term remaining in the premises, &c. by force whereof the said defendant entered and was possessed thereof, for the residue of the term, &c. ; and being so possessed, demised the *locus in quo* to the plaintiff from year to year at a fixed rent. By virtue whereof the plaintiff entered, &c. and occupied for two years, &c. ; and because half a year's rent was in arrear to the defendant, he avowed the taking, &c. No exception was taken to this avowry on the point which we are now considering. This also was at common law, being in the time of Car. 2.

So in 2 Chit. Pl. 510, the avowry is, that one E. F. was seized of the *locus in quo, in his demesne as of fee ;* and demised the same to the defendant for a term of years, who entered and was possessed thereof; and avows and justifies the taking of the cattle, &c. *damage feasant.* Avowries and cognizances for distresses *damage feasant* are not within the

statute, (11 Geo. 2, ch. 19, s. 22.) They remain, therefore, as they were at common law, and are regulated by the same principles as avowries for distress for rent before the statute. (2 Saund. 284. c. n. (3). The form of an avowry under the statute is given in 2 Chit. Pl. 512.

Nor is there any thing in the cases cited by the plaintiff, which shows the avowry to be bad for the want of a more precise and particular description of the estate of the defendant. Thus in *Scilly* v. *Dally*, (2 Salk. 532, 1 Ld. Raym. 331, S. C.,) the defendant made conusance, as bailiff to John Treaceagle ; and said that on the 31st July, 1645, Joseph Treaceagle ; grandfather to John, *was possessed of and in one messuage*, for a certain term of years ; and made a lease thereof for a less term to J. C. and R. C. rendering rent; that J. T. died, and the term came to the executor ; and made conusance of the taking as bailiff to the executor, as a distress for rent in arrear. Upon demurrer, this conusance was held bad ; because it did not show who was the lessor of J. T. ; and as he had only a particular estate, it was necessary to show its commencement by connecting it with the primitive estate. This case is very fully reported in Lord Raymond ; and much of the learning upon this subject is to be found there.

In *Reynolds* v. *Thorpe*, (2 Str. 796,) the defendant avowed for rent; and stated that A. *having title*, demised to him ; and that he made an under lease to the plaintiff. Upon demurrer, this was held bad ; it not appearing what the title or estate of A. was.

In *English* v. *Burnell* and *Ingham*, (2 Wils. 258,) the avowry was, that Burnell one of the defendants, was seised in fee, and in possession of a certain ancient messuage ; and that Ingham, the other defendant, *was tenant and occupier* of another ancient messuage ; and *that they as owners and occupiers* of said messuages ; and all other *occupiers of said messuages, have had time out of mind*, &c. common of pasture in the *locus in quo ;* and avowed they took the cattle *damage feasant.* The plaintiff traversed the right of common ; and upon that issue a verdict was found for the defendants. Upon a motion in arrest of judgment, the avowry was held bad, the prescription for

right of common being laid in the *occupiers of the* messuages only; whereas such prescriptions can be made only by those who have a permanent interest. It was necessary for the avowry, therefore, to set forth the title *of the occupiers*, in order to show that it was of such a character as would support a *prescription;* and though the avowry, as to Burnell, might be good, yet being bad as to the other, the whole must fail. The general doctrine is here maintained, that in replevin the avowant must allege what estate he is seized of; and the allegation that they *were occupiers, &c.* was held not to be sufficient.

In *Hawkins* v. *Eckles, et al.* (2 B. & P. 359,) the defendants avowed and made conusance of the taking, for damage feasant, and alleged that Routh, one of the defendants, was seized in his demesne as of fee, of and in a certain messuage &c.; and that the said Routh, and all whose estate he now has, from time whereof, &c. have had &c. common of pasture, in and throughout the *locus in quo,* for two cows, &c. as to the messuage, &c. belonging. There were two other pleas, or avowries, in which it was stated that Routh was possessed of a certain messuage, by virtue whereof, he was entitled to common in the *locus in quo.* Upon special demurrer, it was not objected to the 1st avowry, that Routh did not sufficiently set forth his estate or title; but the objection was, that the prescription for right of common was bad; because it did not *aver a right of common at all times of the year;* and that objection was sustained. The other avowries were clearly bad, as they merely alleged a possession in Routh, without stating any estate or title whatever. (Vid. note (a) at the end of that case.)

The case of *Bulpit* v. *Clarke,* (4 B. & P. 56,) merely decides that a rent charge is not within the provisions of the statute of 11 Geo. 2. ch. 19, respecting avowries; and that in cases which are within that statute, the plaintiff cannot put the defendant upon proof of his title, by replying to the general avowry given by the statute, that the avowant, or those under whom he claims, were not seized &c. in their demesne as of fee. (*Linden* v. *Collins,* Willes, 429, S. P. as to a rent charge.)

In *Harrison* v. *M'Intosh*, (1 John. 380,) the defendant justified the taking, &c. on the ground that the plaintiff, for the purpose of defrauding the defendant, and to prevent him from distraining the goods for rent, did wilfully aid and assist to carry them away from certain premises, *before that time let by the defendant, as landlord to one Edmund King*, to whom the defendant averred the goods belonged. This was the only allegation as to the defendant's title or estate; and Kent, Ch. J. correctly says, the avowry is clearly bad. It was necessary for the avowant to have set forth his title, and to allege the estate of which he was seized.

In Woodfall, 600, it is said, if the defendant avows or makes conusance for *damage feasant*, he must show that the place where, &c. is his freehold, or that of B. under whom he makes conusance; and if he says, that he himself, or B. was seized, he must say of what estate, in fee, tail, or for life.

Again; the general rule in pleading is, that where a title is made under a particular estate, the commencement of that estate must be shown; but that an estate in fee may be alleged generally. (6 Bac. Abr. Replevin and Avowry.(K.)

The avowries demurred to, therefore, contain a sufficient specification of the estate or title of John Williams, the lessor; and so far as that exception is concerned, it is not well taken.

But I am inclined to think the first avowry is bad, in not averring that the rent, for which the distress was made, was due and behind at the death of the testator. It is for such arrearages only, that the executor can distrain. (1 R. L. 439, s. 18.) The subsequent rent goes not to the executor, but the heir. It was, therefore, a part of the defendant's title, and ought to have been stated. He avows as executor of John Williams, for 17 years rent in arrear; and yet he does not show when his testator died, or whether the rent accrued before or after his death. All the precedents, it is believed, state the rent as having accrued in the life time of the testator. (And vid. *Hool* v. *Bell*, 1 Ld. Raym. 173.)

The second avowry, however, is not in the character of executor; but in the defendant's own right, and is, therefore, free from this objection.

Nor was it necessary for the defendant to show in his avowry, that the cattle or horses in question, (belonging to a stranger, and not to the tenant,) were *levant et couchant*, before they were distrained; it is for the plaintiff to show that they were not. (6 Bac. Ab. 80. Woodfall, 600.)

The plaintiff, therefore, is entitled to judgment upon the demurrer to the first avowry; with leave to the defendant to amend; and judgment is for the defendant upon the demurrer to the second avowry.

<div align="right">Rule accordingly.</div>